# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| FRANCISCO SANCHEZ and ADAUTO GONZALEZ | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 1:17-CV-82 |
| WELLS SOLAR & ELECTRICAL SERVICES LLC and CARL WELLS, | § § § § | |
| *Defendants*. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Now come Plaintiffs, complaining of the conduct of Defendants, and respectfully show as follows:

### INTRODUCTION

This is an action for unpaid overtime wages brought pursuant to the federal Fair Labor Standards Act (FLSA) by two laborers who were employed by the Defendants to install solar energy systems in and around Austin, Texas and San Antonio, Texas. Plaintiffs regularly worked more than 40 hours per week, and Defendants failed to pay them the required overtime premium for their hours in excess of 40 during each workweek.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the Plaintiffs' FLSA claims pursuant to the following:

    a. 28 U.S.C. §1331 (Federal Question);

    b. 28 U.S.C. § 1337 (Interstate Commerce);

    c. 29 U.S.C. § 216(b) (FLSA)

2. This Court has personal jurisdiction over the Defendants because Defendants have sufficient contacts with this forum to give this Court general jurisdiction over Defendants.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

4. Plaintiffs are individual laborers who reside in Travis County, Texas. Plaintiffs have consented to the filing of this action for violations of the FLSA as shown in Exhibit A, which is attached hereto and incorporated herein by reference.

5. Defendant Wells Solar & Electrical Services LLC is a domestic limited liability company with its principal place of business in Austin, Texas, and may be served with process by serving its registered agent, Carl Wells, at 2806 Skyway Cir., #102, Austin, TX 78704.

6. Defendant Carl Wells is an individual residing in Austin, Texas who may be served with process at his residence at 2806 Skyway Cir., #102, Austin, TX 78704.

## FACTS

7. During the relevant period, Defendants operated a business commonly known as Wells Solar & Electrical Services ("Wells Solar"), a company serving the central Texas region that specializes in solar energy installation.

8. From approximately October 2014 through about January 2016, Plaintiff Francisco Sanchez worked for Wells Solar installing solar energy systems in and around Austin, Texas and San Antonio Texas.

9. From about February of 2016 to about November of 2016, Plaintiff Adauto Gonzalez worked for Wells Solar installing solar energy systems in and around Austin, Texas and San Antonio Texas.

10. During the relevant period, Defendants were employers of Plaintiffs within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

11. At all times relevant to this lawsuit, Wells Solar constituted an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r). Wells Solar has had gross annual sales in excess of $500,000.00 in each year relevant to this lawsuit, and has had two or more employees, including the Plaintiffs, handling goods or materials that have been moved in or produced for commerce, such as solar panels manufactured outside of the state of Texas.

12. During the relevant period of this action, Defendant Carl Wells ("Mr. Wells") has served as Owner and Director of Defendant Wells Solar & Electrical Services LLC, and has controlled the operations of the Wells Solar business.

13. Throughout the entire relevant period of this lawsuit, Mr. Wells had the power to act, and exercised such power, on behalf of Wells Solar vis-a-vis its employees, including to establish company pay practices, to modify employment conditions, to control employee schedules, to maintain employment records, and to hire and fire employees.

14. Mr. Wells personally set Plaintiffs' pay rates.

15. At all times relevant to this action, Plaintiffs labored exclusively for Wells Solar and often worked over fifty hours per week installing solar energy panels for Wells Solar's patrons, an integral part of Wells Solar's business. Plaintiffs started and ended each work day at Wells Solar's main office in Austin, Texas located at 714 Shelby Lane, Suite C, Austin, Texas 78745. Plaintiffs left Wells Solar's premises in Wells Solar's vehicles to pick up materials purchased by Wells Solar and/or head to client worksites to perform installation work as directed by Wells Solar.

16. During most of the relevant period of this action, Defendants misclassified Plaintiffs as independent contractors and regularly failed to pay Plaintiffs time and one-half of their respective

regular hourly rates of pay as overtime compensation for their hours worked in excess of forty during each workweek. During approximately the last year of Plaintiff Sanchez's employment, Defendants formally converted Plaintiff Sanchez to an employee and began compensating him at time and a half for his hours worked in excess of 40 each week. However, Defendants continued to fail to properly classify Plaintiff Gonzalez as an employee and did not pay him an overtime premium for his hours over 40 in each workweek.

17. At all times relevant to this action, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay all overtime compensation due to Plaintiffs.

18. At all times relevant to this action, the Defendants failed to maintain complete and accurate records of Plaintiffs' hours of work and compensation as required by the FLSA.

## CAUSE OF ACTION

18. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to relief for Defendants' failure to pay them the proper overtime compensation, including their unpaid overtime wages, an equal amount in liquidated damages, and their reasonable and necessary attorneys' fees and costs of court.

## PRAYER

WHEREFORE, Plaintiffs pray that the Defendants be cited to appear and answer, and that upon trial Plaintiffs be granted judgment against Defendants for:

(a) Plaintiffs' unpaid overtime compensation;

(b) liquidated damages in an amount equal to Plaintiffs' unpaid overtime compensation;

(c) post-judgment interest, as provided by law;

(d) costs of court, attorneys' fees, and expenses, and;

(e) such other and further relief, at law or in equity, to which the Plaintiffs may justly be entitled.

Respectfully submitted,

By: /s/ Anna Bocchini

Anna Bocchini
Texas State Bar No. 24057410
EQUAL JUSTICE CENTER
510 Congress Ave., Ste. 206
Austin, Texas 78704
Tel: (512) 474-0007, ext. 105
Fax: (512) 474-0008
abocchini@equaljusticecenter.org

Counsel for Plaintiffs